## Hester Duncan, Administratrix, Appellant, v. Centralia Coal Company, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916.

### Statement of the Case.

Action by Hester Duncan, administratrix of the estate of Waverly Duncan, deceased, plaintiff, against Centralia Coal Company, defendant, to recover damages for death of plaintiff's decedent while working in defendant's coal mine. From a judgment for defendant on a directed verdict, plaintiff appeals.

Defendant operated a coal mine near Centralia, Illinois, and there were used in connection with the operation of such mine four tracks, and they appeared to have been located with what is called the run around track on the west, the egg track next to it on the east, the lump track next and the screening track next. They were all located west of the hoisting shaft. The run around track was used for the purpose of supplying the mines with cars to be loaded, and at the time in question they had been engaged in loading a car of lump coal which was standing upon the lump track. The business of the decedent was to trim the car after it was loaded. He threw off the refuse matter between the tracks, and then afterwards it became his duty to take this refuse matter and throw it on what was called the dump west of the run around track. The cars on the run around track were operated by means of a cable working over a drum moved by an engine and called a car puller. On the day in question this car puller was operated by the superintendent of the mine. The injury happened south of the mine where there

was an up grade to the mine. After the deceased had thrown off the refuse matter from the car he then took a wheelbarrow, picked up this refuse matter between the egg and lump tracks and began wheeling it out upon the wheelbarrow, running it forward until he reached the egg track, and then turned backward and pulled the wheelbarrow over the egg track, and had just pulled it over the east rail of the run around track when the car struck him and killed him. It also appeared that two of the witnesses had attempted to warn him of the approach of the car by hallooing at him.

The declaration alleged: "That it was the duty of the defendant to furnish the plaintiff's decedent with a reasonably safe place in which to work and to exercise reasonable care to give him notice and warning of the approach of any cars upon or along said side track or switch track, so as not to endanger the life of the plaintiff's decedent or to render his working place unsafe. Yet the said defendant did not regard its duty in that behalf but on the contrary negligently and carelessly moved and operated the said cars upon and over the said side track or switch track without giving to the plaintiff's decedent any notice or warning of the approach of said cars; whereby and by means whereof while plaintiff's decedent was working pursuant to his employment and crossing the said track the said car, without any notice or warning to the plaintiff's decedent, ran to, against, upon and over the deceased.'' Whereby he was instantly killed. The declaration also alleged that the defendant had elected not to operate its mine under the compensation act.

It appeared from the evidence of all of the witnesses that the mine at the time of the injury was being operated in the usual and customary way; that the machinery was in good repair, that the roadbed was in a safe condition, that the car at this time was being hauled by this car puller in the usual way, and that the

deceased was engaged in his usual employment and in the usual manner. The deceased had been at work there at this same business for about one year, knew all about the movements of the cars, and knew that they were moved without notice or warning.

L. B. Skipper and Charles H. Holt, for appellant.

Bundy & Wham and Noleman & Smith, for appellee.

Mr. Justice McBride delivered the opinion of the court.

## Abstract of the Decision.

1. Mines and minerals, § 80*—*when duty of owner to furnish employees with reasonably safe place to work*. It is the duty of the mine owner to furnish his employees with a reasonably safe place to work.

2. Workmen's Compensation Act, § 2*—*when assumed risk and contributory negligence no defense in action at common law*. The right of the representative of a deceased employee to recover in an action at law for the employee's death against a master who has elected not to operate his mine under the Workmen's Compensation Act cannot be defeated by reason of any contributory negligence or assumed risk of deceased.

3. Mines and minerals, § 107*—*when no duty devolves upon mine owner to warn experienced employee of danger*. In the absence of a statute no duty devolves upon a mine owner to give warning to an experienced employee, engaged in wheeling refuse from a loaded car over an intermediate track and across a switch track, of the movement of an empty car on the switch track, which was used to supply the mine with cars to be loaded and which cars were operated by means of a cable working over a drum moved by an engine, where the mine at the time of the injury to the employee by a car on the switch track is operated in the usual way. and the track and machinery are in good condition, and there are no exceptional circumstances necessitating a warning in the particular case.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CXCIX 17

4. MINES AND MINERALS, § 185*—*when verdict properly directed.* A verdict is properly directed for the defendant in an action by the representative of an employee for the employee's death, where the duty to give warning to deceased of a movement of a car, and negligence in operation which are the basis of the action, are not shown to exist.